# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2021

Lyle W. Cayce
Clerk

No. 19-40894
Summary Calendar

Michael Jerrial Ibenyenwa,

*Plaintiff—Appellant*,

*versus*

Texas Board of Criminal Justice; Trina D. Sterling-Sims,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

In this civil action filed pursuant to 42 U.S.C. § 1983, Michael Jerrial Ibenyenwa, Texas prisoner # 1638105, challenges an order entered by the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40894

district court denying his motions for a preliminary injunction. We have jurisdiction to review this interlocutory order. 28 U.S.C. § 1292(a)(1).

A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The party seeking the preliminary injunction has the burden of persuasion on all four requirements. *Bluefield Water Ass'n v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). Our review of the district court's determinations as to each factor is deferential, with facts left undisturbed unless clearly erroneous, conclusions of law reviewed de novo, and the ultimate decision reviewed for an abuse of discretion. *Id.*

Ibenyenwa argues that the district court abused its discretion in determining that he failed to show a substantial likelihood on the success of the merits of his claims. He asserts that he received notice that his July 2018 Rolling Stone magazine was denied after it was reviewed by the prison mailroom staff and found to contain an image of a nude child. He elected to have the magazine forwarded to someone outside of the prison, who then mailed him 86 pages of photocopies of that same magazine, albeit with the image of the child edited out. These photocopies of the magazine were also withheld by the prison mailroom staff on the ground that the magazine was previously denied. It is this subsequent denial of the photocopies from which the prohibited picture had been removed that Ibenyenwa argues was an

arbitrary and irrational decision that violated his rights under the First and Fourteenth Amendments.

When evaluating First Amendment challenges to prison policies we consider the following factors:

> (1) whether the regulation is "rationally related" to a legitimate penological goal; (2) whether alternative means of exercising First Amendment rights remain open; (3) the impact that accommodating the asserted right will have on other prisoners and prison employees; and (4) whether there are easy and obvious alternative means of accommodating the asserted right.

*Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012) (citation omitted). Ibenyenwa has not demonstrated, in light of the above factors, that he has a substantial likelihood of prevailing on his claims. *See Thornburgh v. Abbott*, 490 U.S. 401, 418 (1989); *Prison Legal News*, 683 F.3d at 208-21. We therefore decline to consider whether Ibenyenwa faces a substantial threat of irreparable injury if the injunction is not issued that would outweigh any harm that will result if the injunction is granted or whether the injunction would not disserve the public interest. *Byrum*, 566 F.3d at 445; *see also Bluefield Water Ass'n*, 577 F.3d at 253.

The order denying Ibenyenwa's motions for a preliminary injunction is AFFIRMED.